IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-6-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KIP LYNN WRIGHT, )<br>)<br>Defendant. ) | **ORDER** |

On May 15, 2006, pursuant to a plea agreement [D.E. 15], Kip Lynn Wright ("Wright") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846. See [D.E. 15] 5–6. On September 15, 2006, the court held Wright's sentencing hearing. See [D.E. 19]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") and ruled on Wright's objection. See id.; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Wright's total offense level to be 35, his criminal history category to be II, and his advisory guideline range to be 188–235 months. See [D.E. 19]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wright to 188 months' imprisonment. See [D.E. 19]. Wright did not appeal.

On April 9, 2009, Wright moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that new, retroactive amendments to the Sentencing Guidelines reduced his guideline range to 151–188 months. See [D.E. 22] 1–2. On May 6, 2009, the court granted his motion, imposing a sentence of 151 months. See [D.E. 23]. On November 7, 2011, Wright moved another reduction in his sentence [D.E. 24], but the court denied his second motion for reduction of sentence. See [D.E. 29].

On October 28, 2014, Wright filed a third motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 31]. Wright's new advisory guideline range is 121 to 151 months' imprisonment based on a total offense level of 31 and a criminal history category of II. See Resentencing Report [D.E. 33-2]. Wright seeks a 121-month sentence. See [D.E. 31].

The court has discretion to reduce Wright's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Wright's sentence, the court finds that Wright engaged in serious criminal conduct. See PSR ¶¶ 5–9. Wright also has prior convictions for inflicting corporal injury on a spouse and felony possession of cocaine base crack for sale. See id. ¶¶ 13–14. Furthermore, Wright also has a spotty work history. See id. ¶¶ 27–29. Nonetheless, while incarcerated on his federal sentence, Wright has engaged in some positive behavior. See Resentencing Report 1; [D.E. 33-3, 33-4]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Wright received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Given Wright's serious criminal conduct and criminal history, the court believes that reducing Wright's sentence any further would be inappropriate. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B). Thus, the court denies Wright's motions for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Wright's motion for reduction of sentence [D.E. 31] is DENIED.

SO ORDERED. This **28** day of June 2016.

                                                */s/ James C. Dever*
                                                JAMES C. DEVER III
                                                Chief United States District Judge